# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SAMUEL LOVE**                                                                 **CIVIL ACTION**

**VERSUS**

                                                                                **NO. 17-626-BAJ-RLB**

**NATIONAL CASUALTY COMPANY,**
**ET AL.**

## NOTICE

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

  Signed in Baton Rouge, Louisiana, on October 31, 2017.

              **RICHARD L. BOURGEOIS, JR.**
              **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SAMUEL LOVE                                          CIVIL ACTION

VERSUS
                                                     NO. 17-626-BAJ-RLB

NATIONAL CASUALTY COMPANY,
ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 5).  The deadline for filing an opposition to the instant motion has expired. LR 7(f).  Accordingly, the instant motion is unopposed.

## I.    Background

On July 28, 2017, Samuel Love ("Plaintiff") filed suit in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana naming as defendants Timothy Grendahl, his employer Midwest Logistics, LTD. ("Midwest"), and Midwest's insurer National Casualty Company ("National Casualty") (collectively, "Defendants"). (R. Doc. 1-2, "Petition").  Plaintiff alleges that on August 5, 2016, he was driving a vehicle that was negligently truck by a commercial truck driven by Mr. Grendahl in the course and scope of his employment with Midwest. (Petition, ¶¶ 3-5).  Plaintiff alleges that as a result of the accident he suffered neck, lower back, and head injuries, as well as other damages and losses to be shown at trial, including: physical pain and suffering; mental and emotional pain, anguish, and distress; medical expenses, loss of income, loss of enjoyment of life, and impairment of earning capacity. (Petition, ¶¶ 10-11).

Plaintiff requested service on National Casualty through its agent for service of process, and on Midwest Logistics and Mr. Grendahl through means of the Louisiana Long Arm Statute, La. R.S. 13:3201, *et seq*. (R. Doc. 1-2 at 4).

1

On September 9, 2017, National Casualty removed the action by filing a Notice of Removal on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). National Casualty asserts that there is complete diversity because Plaintiff is a citizen of Mississippi; Mr. Grendahl is a citizen of Texas; National Casualty is a citizen of Louisiana and Ohio; and Midwest Logistics is a citizen of Ohio. (R. Doc. 1 at 2). National Casualty further asserts that the amount in controversy is satisfied in light of the allegations in the Petition. (R. Doc. 1 at 3-5). Finally, National Casualty asserts that consent to removal from Midwest Logistics and Mr. Grendahl is not required because they had not been properly served at the time of removal. (R. Doc. 1 at 2).

On October 5, 2017, Plaintiff filed the instant Motion to Remand. (R. Doc. 5). The Motion to Remand is timely. See 28 U.S.C. 1447(c).

## II.     Arguments of the Parties

In support of remand, Plaintiff argues that removal was procedurally defective because Mr. Grendahl and Midwest Logistics had been properly served at the time of removal, and neither joined in the removal nor timely filed a written consent to the same. (R. Doc. 5-1). In support of a finding that Mr. Grendahl and Midwest Logistics had been properly served at the time of removal, Plaintiff submits an affidavit by Ellen Crochet Simon, an employee of Plaintiff's counsel. (R. Doc. 4, "Simon Aff.").

The removing defendant, National Casualty, has not filed an opposition. In addition, neither Mr. Grendahl nor Midwest Logistics has made an appearance or otherwise joined in or consented to removal.

III.    **Law and Analysis**

A.    **Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012).  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A).  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the

removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

**B.    Analysis**

The sole issue before the Court is whether removal was procedurally improper because Mr. Grendahl and Midwest Logistics did not consent to removal.

Plaintiff asserts that "in compliance with Louisiana Revised Statute 13:3204," her counsel mailed a copy of the Citation and Petition for Damages by certified mail, return receipt requested, to Mr. Grendhal at an address in Seagovilla, Texas. (Simon Aff. ¶ 2).[1]  Plaintiff asserts that this address was "listed on the police report that is the subject of this litigation" and obtained through "a Westlaw search on August 15, 2017. (Simon Aff. ¶ 2).  Ms. Simon asserts that on September 12, 2017, the U.S. Postal Service returned the letter as "unclaimed." (Simon Aff. ¶ 3; *see* R. Doc. 4-1).

Plaintiff further asserts that "in compliance with Louisiana Revised Statute 13:3204," her counsel mailed a copy of the Citation and Petition for Damages by certified mail, return receipt requested, to Midwest Logistics at an address in Celina, Ohio. (Simon Aff. ¶ 4).[2]  Plaintiff asserts that this address was "the address of the agent for service of process on record with the Ohio Secretary of State on August 15, 2017." (Simon Aff. ¶ 4).  Ms. Simon asserts that this letter was delivered to Midwest Logistics. (Simon Aff. ¶ 4).  The return receipt marks the date of delivery as August 21, 2017. (R. Doc. 4-2).

The instant action was removed on September 9, 2017. (R. Doc. 1).

---

[1] The affidavit states that the letter was mailed on June 2, 2017. (Simon Aff. ¶ 2).  Considering that this action was filed on July 29, 2017, the June 2, 2017 date is clearly a typographical error.
[2] The affidavit states that the letter was mailed on June 2, 2017.  (Simon Aff. ¶ 4).  Considering that this action was filed on July 29, 2017, the June 2, 2017 date is clearly a typographical error.

The Louisiana Long Arm Statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant:

A. In a suit under R.S. 13:3201, a certified copy of the citation . . . shall be sent . . . to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited or small claims jurisdiction.

B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

La. R.S. 13:3204. The 30-day window to consent to removal or join the removal starts running when there is actual service, and there is no requirement for proof of service to be filed for the rule of unanimity to apply. *Babin v. Isaman*, No. 09-0408, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.*, No. 08-931, 2008 WL 576242 (E.D. La. Feb. 29, 2008)).

Service pursuant to the Louisiana Long Arm Statute is perfected when sent by registered or certified mail regardless of whether there is a signed return receipt. *McFarland v. Dippel*, 756 So.2d 618, 622 (La. App. 1st Cir. 2000) ("[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."); *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444-45 (La. App. 3d Cir. 2004) ("There is no requirement under § 3204 for a signed return receipt.").

This Court has held, however, that attempted service at an incorrect address does not constitute service under the Louisiana Long Arm Statute for purposes of the rule of unanimity. *See Grace v. Myers*, No. 15-300, 2015 WL 4939893, *3-5 (M.D. La. Aug. 18, 2015). In *Grace*,

5

this court held that service was not proper under La. R.S. 13:3204 where the plaintiff attempted to serve the defendant at an address where the defendant did not currently live. *Id.* The record indicated that the plaintiff directed service to an address obtained at the time of the accident and made no additional efforts to determine the defendant's address at the time service was attempted. *Id.* at \*5. There was no indication in the record that the defendant, or a person authorized by the defendant, lived at the address where service was attempted, and actively refused to accept service. *Id.* In reaching this conclusion, the court specifically distinguished *McFarland* and *HTS*. *Id.* at \*4. Subsequent decisions from this district have reached the same conclusion. *See Joseph v. USA Truck, Inc.*, No. 17-242, 2017 WL 3687661, at \*4 (M.D. La. June 28, 2017), *report and recommendation adopted*, 2017 WL 3670148 (M.D. La. Aug. 24, 2017); *Kelly v. Arch Ins. Co.*, No. 15-772, 2016 WL 3951424, at \*6-7 (M.D. La. June 9, 2016), *report and recommendation adopted*, 2016 WL 3951391 (M.D. La. July 21, 2016); *Gupta v. Kelly*, No. 15-741, ECF No. 16, at \*8-9 (M.D. La. Feb. 9, 2016), *report and recommendation adopted*, ECF No. 17 (M.D. La. Mar. 14, 2016).

In this action, however, there is no indication that Plaintiff attempted service on Midwest Logistics at the wrong address. Plaintiff specifically provides an affidavit indicating that Midwest Logistics was served at "the address of the agent for service of process on record with the Ohio Secretary of State on August 15, 2017." (Simon Aff. ¶ 4). Accordingly, unlike in *Grace*, the plaintiff in this action "properly relied on the records" of the Ohio Secretary of State as the address for serving Midwest Logistics. *See Stephens v. Carter*, No. 15-521, 2016 WL 7104851, at \*3-4 (M.D. La. Dec. 5, 2016).

The instant motion is unopposed. National Casualty, the removing defendant, has provided nothing to controvert Plaintiff's position that Midwest Logistics was served on or

before August 21, 2017, or that Plaintiff otherwise attempted service on Midwest Logistics at an address other than the address listed with the Ohio Secretary of State.  As the record indicates that service on Midwest Logistics preceded removal, National Casualty was required to obtain Midwest Logistics' consent to removal.  Given that Midwest Logistics' consent to removal was not timely obtained, and Midwest Logistics has not otherwise joined in removal, the instant removal was procedural improper under 28 U.S.C. § 1446(b)(2)(A).[3]

## IV.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on October 31, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Because the record indicates that Midwest Logistics was served prior to removal, the Court need not determine whether or when Mr. Grendhal was actually served with process.  The Court notes, however, that "[e]ven if the Louisiana Long Arm Statute implicitly provides that service is perfected upon mailing, . . . the 30-day period to remove only beings to run where a defendant has been properly served and actually receives a copy of the initial state court pleading" or otherwise refuses to receive formal process sent by registered or certified mail pursuant to the Louisiana Long Arm Statute. *Baxter v. Anderson*, No. 16-142, 2016 WL 3748720, at *4-5 (M.D. La. June 21, 2016), *report and recommendation adopted*, 2016 WL 3747614 (M.D. La. July 11, 2016).  Given that the attempted service on Mr. Grendahl was marked "unclaimed" on September 12, 2017, three days after the date of removal, it does not appear from the record that Mr. Grendahl received or refused formal process prior to removal. "In such a circumstance, the date the letter is marked 'unclaimed' triggers the 30-day period for removal." *Baxter*, 2016 WL 3748720, at *5 (citing *Kroger Co. v. Door Control Servs., Inc*., No. 12-0965, 2012 WL 4891560, at *4 (E.D. La. Oct. 15, 2012)).